RECEIVED
MAY 29 2019
CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA         19-mj-344 TNL

| | |
|---|---|
| IN THE MATTER OF ) | APPLICATION FOR INSPECTION |
| ) | WARRANT UNDER THE FEDERAL |
| Administrative Inspection of ) | COMPREHENSIVE DRUG ABUSE |
| ) | PREVENTION AND CONTROL ACT |
| GERITOM MED PHARMACY ) | of 1970 (P.L. 91-513) |
| 10501 Florida Ave ) | TITLE 21, USC, SECTION 880 |
| Bloomington, Minnesota 55438 ) | |
| ) | CASE NO. |

Before: UNITED STATES MAGISTRATE JUDGE M. J. LEUNG
UNITED STATES DISTRICT COURT

The undersigned, being duly sworn, disposes and says:

1. My name is Mark K. Bruns, and I am a duly appointed Diversion Investigator of the Drug Enforcement Administration (DEA), United States Department of Justice, assigned to the Minneapolis-St. Paul District Office (MSPDO).

2. This affidavit seeks an administrative inspection warrant pursuant to Title 21, United States Code, Sections 878(a)(2) and 880(b)(1),(2) and (3), Title 21, Sections 1316.03(a) through (f) and Title 28, Sections 0.104 and 3(b) of the Appendix to Subpart R, of the Code of Federal Regulations. I am authorized to execute administrative inspection warrants for the purpose of inspecting controlled premises of persons and firms registered under the Controlled Substances Act in order to inspect and verify the correctness of all records, reports, inventories and other documents required to be kept or made under Title 21, § 827 of the United States Code and Title 21, § 1304.01 et seq., of the Code of Federal Regulations. This sworn application for an administrative inspection warrant includes information that I believe is sufficient to establish administrative probable cause, as that term is defined by Title 21, United States Code, Section 880(d)(1).

3. GERITOM MED PHARMACY ("GMP") is a pharmacy that supplies a number of group homes in and around the Minneapolis/St. Paul area with pharmaceuticals, including controlled substances in Schedules II, IIN, III, IIIN, IV, and V. GMP has a principle place of business at 10501 Florida Ave., Bloomington, Minnesota 55438, which is a controlled premise within the meaning of Title 21, § 880(a) of the United States Code, and Title 21, § 1316.02(c)(1) and (2) of the Code of Federal Regulations.

4. GMP is registered with the Attorney General under Title 21, § 822 and 823 of the United States Code and has been assigned DEA Registration Number BG2719574. GMP's registered business activity is as a retail pharmacy being authorized to dispense controlled substances to end users via prescription. GMP is not registered as a collector with the DEA being authorized to accept controlled substances from end users.

SCANNED
MAY 29 2019
U.S. DISTRICT COURT MPLS

5. GMP is required to keep complete and accurate records of all controlled substances received, sold, delivered or otherwise disposed of under Title 21, § 827 of the United States Code and Title 21, § 1304.01 et. Seq. of the Code of Federal Regulations.

6. GMP is required to provide effective controls and procedures to guard against the theft and diversion of controlled substances under 21 C.F.R. §1301.71(a). In order to determine whether a registrant has provided effective controls against diversion, the Administrator shall use the security requirements set forth in Section 1301.72 – 1301.76 of the Code of Federal Regulations as standards for the physical security controls and operating procedures necessary to prevent diversion.

7. GMP is required to report significant thefts and losses of controlled substances under Title 21, § 1301.76(b) Code of Federal Regulations. GMP is required to notify the Field Division Office of the Administrator (in this case, the Minneapolis-St. Paul District Office ("MSPDO")) in writing within one business day of the discovery of such a theft or loss. GMP is also required to submit to MSPDO a DEA 106: Theft or Loss of Controlled Substances Form to MSPDO. When determining if the theft or loss is significant, GMP is should consider several factor, to include but not limited to: quantity of controlled substances lost in relation to the type of business; the specific controlled substance lost; whether the loss of the controlled substances can be associated with access to those controlled substances by specific individuals; a pattern of losses over a specific time period; whether the specific controlled substance is a likely candidate for diversion; and local trends and other indicators of the diversion potential of the missing controlled substance.

8. GMP is required to destroy stock controlled substances under Title 21, § 1317.05(b) Code of Federal Regulations, and properly document such destructions with a DEA 41, Destruction of Controlled Substances Form. Alternatively, GMP may use a DEA authorized reversed distributor to dispose of stock controlled substances, and is required to maintain proper records of reverse distributor transactions.

8. In September of 2013, Investigators at the MSPDO receive information alleging that GMP had been fraudulently billing Medicare and Medicaid for pharmaceuticals since 2003. The information also alleged that GMP had been fraudulently repackaging and reselling pharmaceuticals that were returned by group homes to GMP. Based on this information the MSPDO initiated an investigation into GMP.

9. The MSPDO's investigation, which involved conducting numerous interviews, the review of phone records, executing a federal search warrant at GMP's place of business, and auditing GMP's pharmaceutical inventory alleged that GMP was accepting customer returns of medications, which were then repackaged and resold. The Assistant United States Attorney's Office for the District of Minnesota declined to prosecute any allegations.

10. On or around April 9, 2019, MSPDO received information from a Source of Information ("SOI") who is has previously provided reliable information to investigators. SOI stated that on December, 28, 2018, the maintenance person at GMP was cleaning out a back

storage room at GMP. Within the room were several totes filled with various items. While cleaning out the totes, the GMP maintenance person found a large Ziplock bag filled with pills. The maintenance person proceeded to the pharmacy section of GMP and was told by multiple pharmacy staff that the pills were Vicodin (a schedule II controlled substance, and frequent candidate for diversion).

11. The GMP maintenance person approached the pharmacist in charge at GMP. The GMP maintenance worker was told that the pills would be disposed of. SOI provided information that the pills were subsequently flushed down the toilet.

12. Approximately one week later, SOI provided information that there were 400-500 Vicodin pills within the bag as well as two customer prescription labels, accounting for about sixty of the pills within the bag.

13. Retail pharmacies such as GMP are required to properly secure controlled substance inventory under Title 21, § 1301.72 – 1301.76 Code of Federal Regulations, such as in a substantially constructed cabinet or safe. If accepting controlled substances from end users, GMP is required to register as a collector with DEA under Title 21, § 1301.51(b) Code of Federal Regulations.

14. According to a search of DEA databases as recently as May 28, 2019, GMP has not submitted a DEA-106 Report of Theft or Loss to DEA. SOI surmised that no DEA-106 was filed with DEA because of the scrutiny GMP would receive. According to SOI, Safe Harbors (a reverse distributor) picked up drugs on November 27, 2018 and haven't been back since. SOI has checked the bin since and has not seen a Ziplock bag of pills inside of it.

15. Given the information outlined above, an inspection is necessary to ensure GMP's compliance with the Act and the regulations under the Act, to allow DEA to inspect, copy, and verify the correctness of records, reports, or other documents required to be kept or made under the Act, and to otherwise facilitate the Attorney General's duties under the Act, 21 C.F.R. § 1316.09(a)(2), 21 U.S.C. § 880(b)(1). I submit that the above-referenced facts demonstrate administrative probable cause pursuant to Title 21, United States Code, Section 880(d)(1) because they establish a "valid public interest" in the enforcement of the relevant Controlled Substances Act statutes and regulations identified herein.

16. The inspection requested by this warrant application will be conducted during normal business hours within reasonable limits and in a reasonable manner. The requested inspection will include an audit of select controlled substances on hand, the review of controlled substance prescriptions, the review of suspicious orders, shipping, and other records, files reports, containers, labeling, stocks of controlled substances and other things appropriate to verify such records, reports, and documents required to be kept. If necessary and applicable, federal investigators and/or agents will seize items. Diversion Investigators will present their official credentials and written inspection authority as prescribed in Title 21, § 880(b)(2) of the United States Code.

17. In the event it is necessary to seize computer files which are subject to inspection under this warrant, every effort will be made to save such files onto a flash drive or other portable device as opposed to physically removing computers from the premises of GMP If computers must be physically removed from the premises of GMP, every effort will be made to quickly analyze the computer's data and to return the computers upon request. This process of returning the seized computers may require coordination with the person from whom they were seized (or their attorney) and the computer specialist working for the government. In the event the computers or other business records are removed from the premises, the agents will reasonably cooperate with the business to provide customer information necessary for the business to provide services to those customers during the period the computer or business records are off the premise. The agents will also reasonably cooperate with the business to provide information necessary for the business, or its employees, to file tax related documents during the period the computer or business records are off the premise.

18. A return will be made to the Court at the completion of the inspection within ten (10) days of the issuance of the warrant. Under Title 21, § 880(d)(3) of the United States Code, upon a showing by the United States of a need therefor, the judge or magistrate judge may allow additional time beyond ten (10) days in the warrant.

19. The Investigator named herein may be accompanied by one or more Investigators and/or Special Agents also duly authorized by the Drug Enforcement Administration, United States Department of Justice.

20. I further represent that I have verified and have personal knowledge of the facts in this application and they are true to the best of my knowledge and belief.

Mark K. Bruns
Diversion Investigator
Drug Enforcement Administration

Sworn to before me and subscription in my presence on this 28 day of May, 2019.

M.J. Leung   TONY N. LEUNG
United States Magistrate Judge
United States District Court